FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CRAIG COLEMAN,<br><br>                   Petitioner,<br><br>      v.<br><br>DONALD HOLBROOK,<br><br>                   Defendant. | No.   4:19-cv-05083-SMJ<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Craig Coleman's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, and Amended Petition for Writ of Habeas Corpus, ECF No. 27. Petitioner was convicted following a jury trial of identity theft in the first degree and theft in the second degree. In his original petition, ECF No. 1, Petitioner presents three grounds for habeas corpus relief: (1) double jeopardy, (2) that his convictions were unconstitutional pursuant to Washington Administrative Code § 446-20-450, Revised Code of Washington § 10.97.080, Washington Administrative Code § 446-20-140, and Washington Administrative Code § 445-20-120, and (3) that his sentence is facially invalid. Having reviewed the petition and the state court record,

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 1

the Court finds Petitioner has not properly exhausted his state remedies as to these claims and finds no actual prejudice stemming from any alleged constitutional errors. After the Court granted leave for Petitioner to amend, Petitioner submitted an Amended Petition for Writ of Habeas Corpus, ECF No. 27, which presented a fourth claim for insufficiency of the evidence against Petitioner. Having reviewed the amended petition and the state court record, the Court finds the state court reasonably concluded there was sufficient evidence to support Petitioner's convictions. As such, the Court dismisses Petitioner's petition without an evidentiary hearing.

## BACKGROUND

### A. STATEMENT OF FACTS

Petitioner is in custody under a state court judgment convicting him to seventy months in prison for one count of identity theft in the first degree and one count of theft in the second degree. ECF No. 23-1 at 2.

The Washington Court of Appeals summarized the facts underlying Petitioner's convictions as follows:

> On September 2, 2014, Mr. Coleman entered the Baker Boyer Bank in Kennewick to cash a check made payable to him in the amount of $3,470.18. The check was drawn on the account of Columbia River Plumbing and the maker's signature appeared genuine to the teller. Mr. Coleman endorsed the check and the teller gave Mr. Coleman $3,470.18 in cash. The teller soon after had doubts whether the check was genuine. She directed a coworker to contact the owner of Columbia River Plumbing.

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 2

Desiree Lindstrom is the owner of Columbia River Plumbing. She testified that she does the payroll for her small company, and that she knows all of her employees and all of the subcontractors her company uses. She testified that Mr. Coleman was never an employee nor a subcontractor for her company. She told the jury she had never met Mr. Coleman, nor had she ever written a check on her company account for $3,470.18. She explained she used the check number on the check to identify the true payee, which was Hooper's Plumbing. She further explained that the bank credited her business's account after its investigation.

On cross-examination, Ms. Lindstrom admitted that Hooper's Plumbing never called her to report the check missing. On re-direct, she stated the check she wrote to Hooper's Plumbing was never located. She also emphatically stated that Hooper's Plumbing never used her company's check to pay anyone.

On re-cross, she stated she had discussions with Hooper's Plumbing about the check – inferring that it was she who called that company about the check – but defense counsel told her she could not testify about those discussions.

*Id.* at 14–16.

B.   **PROCEDURAL HISTORY**

   1.   **Direct Appeal**

Petitioner was sentenced on May 22, 2015. *Id.* at 2. Petitioner appealed his convictions and sentence to the Washington State Court of Appeals. *Id.* at 14–71. He then filed a motion to reconsider, *id.* at 73–77, which the Washington Court of Appeals denied on November 1, 2016. *Id.* at 79.

Petitioner then sought review by the Washington State Supreme Court, arguing that his Due Process rights under Washington Constitution, Article 1, § 3

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 3

were violated because the State failed to prove intent to commit the offense and intent to deprive the bank of its property. ECF No. 23-1 at 81–121. The Washington State Supreme Court denied review on March 29, 2017. *Id.* at 123. The Washington Court of Appeals issued its mandate on April 28, 2017. *Id.* at 125.

### 2. First Personal Restraint Petition

While Petitioner's direct appeal was pending, he filed a motion pursuant to Washington Criminal Rule 7.8, Relief from Judgment or Order, in the Benton County Superior Court, which was transferred to the Court of Appeals on April 26, 2016. ECF No. 23-1 at 127. The Court of Appeals dismissed the petition on March 19, 2018. *Id.* at 318. Petitioner sought review by the Washington State Supreme Court, raising issues of ineffective assistance of counsel, double jeopardy, judicial misconduct, and prosecutorial misconduct. *Id.* at 394–96, 408–09, 421 & 426. The Washington State Supreme Court denied review on August 13, 2018, noting deficiencies in the arguments raised by Petitioner and Petitioner's failure to explain the relevance of the supplements and exhibits he provided. *Id.* at 432–34. The Washington State Supreme Court also declined to consider Petitioner's double jeopardy claim, which was not properly raised in Petitioner's personal restraint petition. *Id.* at 433–34. The state court issued a certificate of finality on November 1, 2018. *Id.* at 436.

//

### 3. Second Personal Restraint Petition

On September 27, 2018, Petitioner filed a second personal restraint petition arguing that his convictions violate his right to be free from double jeopardy and that the trial court imposed an unauthorized exceptional sentence. *Id.* at 438. The Court of Appeals dismissed the petition as untimely. *Id.* at 464–65. Petitioner sought review by the Washington State Supreme Court, *Id.* at 471, which it denied on March 21, 2019. *Id.* at 491. The supreme court held that Petitioner's motion for review did not address the grounds for relief raised in the personal restraint petition. *Id.* at 491–92. The state court issued a certificate of finality on May 22, 2019. *Id.* at 494.

### 4. Third Personal Restraint Petition

Petitioner filed a third personal restraint petition on October 12, 2018. *Id.* at 496. Petitioner's third petition challenged the criminal history contained in his judgment and sentence pursuant to various provisions of the Washington Administrative Code, admiralty and maritime law, and the Federal Rules of Civil Procedure. *Id.* at 502–06. The Court of Appeals determined the petition was frivolous, finding the trial court correctly calculated Petitioner's offender score and accurately determined his criminal history. *Id.* at 516. The Court of Appeals dismissed the petition as untimely on November 26, 2018. *Id.* Petitioner did not

seek review by the Washington State Supreme Court. The state court issued a certificate of finality on January 8, 2019. *Id.* at 520.

### LEGAL STANDARD

Under 28 U.S.C. § 2254, a person in custody pursuant to a state court judgment may challenge the constitutionality of the basis for his custody in federal court after exhausting his remedies in state court. A petition may be granted with respect to any claim that was adjudicated on the merits in the state court only if the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *Id.* § 2254(d).

"'[C]learly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000)). "[A] federal habeas court may overturn a state court's application of federal law only if it is so erroneous that 'there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.'" *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)). The

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 6

state court ruling is presumed correct and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id.* § 2254(e)(1); *McKenzie v. McCormick*, 27 F.3d 1415, 1418–19 (9th Cir. 1994). Additionally, the Court may grant habeas relief only if the challenged error caused "actual prejudice" or had "substantial and injurious effect or influence" on the outcome of the case. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

## DISCUSSION

**A.    Claims Raised in Original Petition**

    **1.    Petitioner did not properly exhaust his claims in state court and his claims in state court are now procedurally barred.**

Petitioner did not properly exhaust his double jeopardy claims, his constitutional claims based on Washington State statutes, or his facial invalidity claim because he failed to properly raise the claims in a timely petition or at every level of the state court review process. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In order to give state courts a fair chance to resolve such issues, the petitioner must clearly describe the federal basis for the claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). General appeals to broad constitutional principles are insufficient. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

Petitioner raised his claim pertaining to double jeopardy for the first time in the motion for discretionary review in the first personal restraint petition, having failed to include it as a claim before the Washington State Court of Appeals. ECF No. 23-1 at 433–34. Petitioner raised the claim again in his time-barred second personal restraint petition, but even there he failed to raise the claim in his motion for discretionary review from the Washington State Supreme Court. *Id.* at 491–92. This is similarly true of Petitioner's constitutional claims stemming from Washington state statutes and facial invalidity of his sentence claims. *Id.* On the issue of double jeopardy, this Court issued an Order Staying Proceedings, ECF No. 24, allowing Petitioner leave to exhaust his state court remedies. Nevertheless, Petitioner failed to exhaust his claims in state court.

Because of the state statute of limitations and the state rule prohibiting successive petitions, all of Petitioner's claims are procedurally barred in state court under Revised Code of Washington § 10.73.090, Revised Code of Washington § 10.73.140, and Washington Rule of Appellate Procedure 16.4(d). *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991), *abrogated on other grounds by Martinez v. Ryan*, 566 U.S. 1 (2012) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are not state remedies any longer available to him.") (internal quotation marks omitted). Technical exhaustion is insufficient for federal review. *Casey v. Moore*, 386 F.3d

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 8

896, 920–21 (9th Cir. 2004). Because more than one year has passed since his conviction became final, Petitioners claims are now time-barred in state court. Petitioner's claims are therefore barred in federal court absent a showing of cause and prejudice or a fundamental miscarriage of justice, neither of which the Court finds based on the record before it. *Thompson*, 501 U.S. at 750.

> **2.    Petitioner cannot show cause and actual prejudice for his procedural default**

Unless it would result in a "fundamental miscarriage of justice" a petitioner who procedurally defaults may receive review of the defaulted claims only if he demonstrates "cause" for his procedural default and "actual prejudice" stemming from the alleged errors. *Id*. The petitioner must show that there is an objective reason for the failure to properly exhaust the claim. *Id.* at 753. Here, the Petitioner has not provided any objective and external factor that prevented his compliance with the state procedural rules. As such, there is no exception to the bar of procedural default, and the Court is thus precluded from evaluating those claims.

> **3.    Petitioner cannot demonstrate a reasonable probability that he is actually innocent of the crime of conviction**

In the absence of cause and prejudice, a habeas petitioner may obtain federal review of his defaulted claim only if he can show a reasonable probability he is actually innocent of the crime of conviction. *Murray v. Carrier*, 477 U.S. 478, 496

(1986). To be credible, the petitioner's claim of actual innocence must be supported by reliable new evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not presented any new evidence, let alone evidence demonstrating that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* at 327–29.

B.  **Petitioner's Insufficiency of Evidence Claims**

    1.  **Petitioner has properly exhausted his insufficiency of evidence claim in state court**

"[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. With respect to Petitioner's insufficiency of evidence claim, Petitioner properly exhausted the claims by raising the issue on direct appeal, ECF No. 23-1 at 14, in his first personal restraint petition, *Id.* at 131, and his appeal of that petition to the Washington State Supreme Court. *Id.* at 433.

    2.  **The state court reasonably concluded that the evidence was sufficient to support convictions**

In reviewing a claim of constitutionally inadequate evidence, the Court's inquiry is narrow and highly deferential: it must consider "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 10

could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (quoting *Jackson*, 443 U.S. at 319)). In evaluating such a claim arising from the verdict of a state jury, the federal habeas court is doubly deferential: first to the jury's factfinding conclusions and second to the state appellate court's review of the petitioner's claim of evidentiary insufficiency, the latter of which will only be set aside if it was "objectively unreasonable." *Id.* at 651.

Petitioner argues that the evidence against him was insufficient to establish the elements of first-degree identity theft and second-degree theft. ECF No. 27 at 4–9. Under Washington State law, a person commits first-degree identity theft if he "knowingly obtains, possesses, transfers, or uses a means of identification or financial information with the intent to commit or aid and abet any crime, and obtains . . . money . . . in excess of $1,500." Wash. Rev. Code § 9.35.020(1)–(2). A person commits theft in the second degree when the person "wrongfully obtain[s] or exert[s] unauthorized control over the property . . . of another or the value thereof, with intent to deprive him or her of such property of services," and the property is

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 11

greater than seven hundred fifty dollars and does not exceed five thousand dollars in value. Wash. Rev. Code §§ 9A.56.020(1)(a), 9A.56.040(1)(a).

The evidence was sufficient to convict Petitioner on both counts. On September 2, 2014, Petitioner entered Baker Boyer Bank in Kennewick, Washington to cast a check made payable to him in the amount of $3,470.18. The check was drawn on the account of Columbia River Plumbing. Testimony from Desiree Lindstrom, the owner of Columbia River Plumbing, established that Petitioner was not an employee or subcontractor of Columbia river Plumbing, that she had never met Petitioner, and that Petitioner was not authorized to checks belonging to Columbia River Plumbing. Petitioner signed the back of the forged check and presented the check to Boyer Bank and received cash in the amount of $3,470.18. ECF No. 23-1 at 14–16. A reasonable jury could find that Petitioner himself altered the check with intent to deprive the bank of its property.

To satisfy due process, "the prosecution need not affirmatively rule out every hypothesis except that of guilt." *Wright v. West*, 505 U.S. 277, 296. Having reviewed this evidence in the light most favorable to the prosecution, the Court concludes the jury was equipped to find the essential elements of first-degree identity theft and second-degree theft beyond a reasonable doubt.

//

//

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 12

**C.    No certificate of appealability shall issue**

An unsuccessful habeas petitioner may only appeal the district court's adverse ruling after obtaining a "certificate of appealability" from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should issue only where the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). Such a showing is made when the Court determines "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 894 (1983)). The Court finds Petitioner has not made such a showing and thus no certificate of appealability shall issue.

**CONCLUSION**

The Court's independent review of the state court proceedings discloses no violations of clearly established federal law. Petitioner is therefore entitled to no relief, and the petition is dismissed. Moreover, the Court cannot find that reasonable jurists could debate the merits of Petitioner's claims on habeas review, and thus no certificate of appealability shall issue.

//

//

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner Craig Coleman's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, **ECF No. 1**, is **DISMISSED**.

2. Petitioner's Amended Petition for Writ of Habeas Corpus, **ECF No. 27**, is **DISMISSED**.

3. No certificate of appealability shall issue because the Court finds Petitioner has not made a substantial showing of the denial of a constitutional right.

4. The Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and Petitioner.

**DATED** this 11th day of August 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS – 14